UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HAMED EKSIRI,

               Plaintiff,

      v.

KRISTI NOEM, et al.,

               Defendants.

Case No. 25-cv-06206-JST

**ORDER DENYING MOTION FOR EXTENSION OF TIME**

Re: ECF No. 14

Now before the Court is Defendants' motion for an extension of time to respond to Plaintiff's complaint. Defendants ask the Court to extend the deadline to April 6, 2026.

Defendants base their request on the issuance of a Policy Memorandum by the U.S. Citizenship and Immigration Services on December 2, 2025 entitled, "Hold and Review of all Pending Asylum Applications and all USCIS Benefit Applications Filed by Aliens from High-Risk Countries." *See* https://www.uscis.gov/sites/default/files/document/policy-alerts/PM-602-0192-PendingApplicationsHighRiskCountries-20251202.pdf (last visited January 20, 2026). Among other things, the memo "[p]lace[s] a hold on pending benefit requests for aliens from countries listed in Presidential Proclamation (PP) 10949, Restricting the Entry of Foreign Nationals To Protect the United States From Foreign Terrorists and Other National Security and Public Safety Threats, pending a comprehensive review[.]" Plaintiff is from one of the countries listed in PP 10949.

The Court will deny the motion for an extension. There is no assurance that Defendants' position concerning Plaintiff's case will be settled in 90 days, or at any other particular time. Defendants' motion states "[t]he Memorandum . . . provides for additional guidance to be issued within 90 days," but the Memorandum itself provides no reason to think the government's policy

will change. It says,

> Within 90 days of issuance of this memorandum, USCIS will prioritize a list for review, interview, re-interview, and referral to ICE and other law enforcement agencies as appropriate, and, in consultation with the Office of Policy and Strategy and the Fraud Detection and National Security Directorate, issue operational guidance.

Memorandum at 3. Also, the Memorandum provides for requests to lift the hold "due to litigation or other extraordinary circumstances." *Id.* The Plaintiff is in litigation, but there is no indication that Defendants have requested a lifting of the stay.[1]

For the reasons just stated, the request for extension is denied. Defendants shall respond to the complaint on or before January 27, 2026.

**IT IS SO ORDERED.**

Dated: January 20, 2026



JON S. TIGAR
United States District Judge

---

[1] The request was filed on January 5, 2026, the same day Defendants' response was due. ECF No. 14 at 2. The request therefore violates this Court's Civil Standing Order, which provides, "Requests to extend deadlines or continue hearing dates should be filed at least three business days prior to the deadline or hearing sought to be extended or continued." Standing Order for All Civil Cases Before District Judge Jon S. Tigar § K. The policy memorandum was issued on December 2, 2025, more than a month before the deadline to respond. The government gives no reason for its failure to comply with the Court's rule.

United States District Court
Northern District of California